## HOLLAND v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 18, 1920.)

No. 5431.

1. **Criminal law ⟠1036 (8), 1044—Insufficiency of evidence not considered, where no demurrer or motion to direct verdict.**

In cases involving life or liberty, the Circuit Court of Appeals will not permit an error in procedure, even though it be substantial, to result in manifest injustice with consequent loss of liberty or of life; but, where the evidence reveals no injustice in the result reached, an assignment of error to the insufficiency of the evidence will not be further considered, there having been no demurrer to the evidence, nor motion to direct a verdict.

2. **Indians ⟠38 (1)—Charge as to whisky found on accused's premises not error.**

In trial for introducing liquor into that part of Oklahoma formerly a part of Indian Territory, there being evidence that, when the automobile used was mired, 1,500 half pints of Y. label whisky were unloaded therefrom and hauled in a wagon to the town where accused lived, and that two days later officers found 513 half pints of Y. label whisky concealed in accused's house, a charge that the jury might consider the amount of whisky, the places where it was found, the identity of labels, and the possession of such an amount, as bearing on the question of introduction into the state of intoxicants, was not error.

3. **Indians ⟠38 (1)—Charge on introducing liquor held proper.**

In trial for introducing liquor from outside the state, there was no error in the court's saying, in the course of the charge, that it was unlawful to sell whisky in the state, where the charge was clear and definite

that the offense necessary for the jury to find was the introduction of whisky from out the state.

**4. Criminal law ☞829 (1)—Charge already covered properly refused.**

A charge requested after retirement of the jury, and covered in all essentials by the charge as given, was properly refused.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

C. B. Holland was convicted of introducing liquor from outside the state of Oklahoma into that part of the state that was formerly Indian Territory, and brings error. Affirmed.

E. E. Sams, of Nowata, Okl., W. A. Chase, of Tulsa, Okl., and Archibald Bonds, of Muskogee, Okl., for plaintiff in error.

Foster V. Phipps, Special Asst. U. S. Atty., of Muskogee, Okl.

Before HOOK and STONE, Circuit Judges, and JOHNSON, District Judge.

STONE, Circuit Judge. Error from introducing liquor from outside the state of Oklahoma into that part of the state that was formerly Indian Territory.

[1] The 12 assignments of error may be summarized as follows: Insufficient evidence; errors in the charge to the jury; and erroneous refusal of a request to charge. The contention as to the sufficiency of the evidence is that the introduction from outside the state was not proven. The record is barren of any demurrer to the evidence, all of which was offered by the government, or of any request for a directed verdict. It is true that in cases involving life or liberty this court will not permit an error in procedure, even though it be substantial, to result in manifest injustice, with consequent loss of liberty or of life; but the entire evidence has been carefully studied, revealing no injustice in the result reached. Therefore we must decline to further consider this point in the assignments of error.

[2] The objections to the charge, as given, are that the jury was told it might consider the amount of whisky, the possession of this amount in Oklahoma, and the labels on the bottles in determining whether the whisky had been introduced from out the state. The pertinency of these parts of the charge is best understood from a brief statement of some of the evidence: Holland and another, early Sunday morning, November 19, 1918, were going south in an automobile in Craig county, Okl. At a point some 16 or 18 miles south of the Kansas line the car mired in a mud hole for the second time, necessitating the unloading of the contents. Fifteen hundred half pints of Yellowstone label whisky were unloaded therefrom into a wagon and that day hauled to the town of Delaware, where Holland lived. Two days later officers searched his house. They found three concealed places for storing whisky. In one of these, located in the wall, they found 513 half pints of Yellowstone whisky. The same day the officers found a "sack of whisky" in the house of the other occupant of the car.

The court, in substance, charged the jury that it might consider the

amount of whisky, the places where it was found, the identity of labels, and the possession of such an amount of whisky, all as bearing upon the question of introduction into the state of intoxicants. He especially cautioned the jury that possession itself was not enough to prove introduction, but was simply a circumstance to be considered in connection with all of the testimony. The above was by no means all, or even the strongest, testimony as to unlawful introduction; but each was a circumstance having more or less bearing upon that question, and properly for the consideration of the jury.

[3] It is also claimed that the court instructed the jury that it was unlawful to sell whisky in Oklahoma, and the inference is that the jury would thereby be led to convict for sale in Oklahoma, irrespective of introduction from another state. No objection nor exception to this portion of the charge was made. If made, they would have been baseless of error, for, while the court in the course of the charge did say that it was unlawful to sell whisky in Oklahoma, yet the charge is absolutely clear and definite that the offense necessary for the jury to find was the introduction of whisky from out the state.

[4] Complaint is made that the court refused a request to the effect that possession of the whisky in Oklahoma would not "within itself" be evidence of unlawful introduction, but that the necessity would still remain for other proof of such introduction. The request was made after retirement of the jury, and was covered in all essentials by the charge as given.

The judgment is affirmed.