## QUARLES v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 29, 1921.)

No. 3537.

Criminal law ⬯1044, 1054(3)—Sufficiency of evidence not reviewable, in absence of exception and motion to direct verdict.

    Where no motion for directed verdict is made by a defendant, and no exception taken to the charge, the question of the sufficiency of the evidence to sustain conviction, raised for the first time by motion for new trial, is not reviewable by an appellate court, which may consider it only if satisfied that there has been a miscarriage of justice.

In Error to the District Court of the United States for the Southern Division of the Eastern District of Tennessee; Edward T. Sanford, Judge.

Criminal prosecution by the United States against Harbert Quarles. Judgment of conviction, and defendant brings error. Affirmed.

Joe V. Williams, of Chattanooga, Tenn., for plaintiff in error.
W. T. Kennerly, U. S. Atty., of Knoxville, Tenn.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. The plaintiff in error seeks a review of his conviction of violation of section 4 of the Act of June 25, 1910 (U. S. Comp. St. § 8815), known as the White Slave Act. The specific charge of the indictment, upon which, under the evidence, the conviction must have rested, was that he induced the girl named, being under the age of 18, to go and be transported by railroad across the state line for the purpose of debauchery. Upon the trial there was no request by the respondent for any instructions to the jury, nor was there any exception to the charge of the court. The record shows no question raised in any way in the court below, save by motion for new trial.

The substantial complaint now made by the present counsel for Quarles is that the evidence did not justify a conviction. Upon that complaint he has no right to be heard. As this court said in Lockhart v. United States (C. C. A.) 264 Fed. 14, 16:

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"No motion was made for an instructed verdict, either at the conclusion of the government's evidence or at the conclusion of the case, and no exception whatever was taken to the charge, which carefully instructed. \* \* \* The defendant, therefore, has no right to be heard in this court upon the contention that there was no evidence. His counsel, with the proof fresh in mind, acquiesced in the implied ruling that the questions were for the jury. The point was first raised on motion for new trial, and that was too late."

As pointed out in the case just cited and in Sylvia v. United States (C. C. A.) 264 Fed. 593, 594, an appellate court, under such circumstances, will interfere if it is satisfied, and only if it is satisfied, that there has been a miscarriage of justice. Upon this record we are not led to that conclusion. The age of the girl, her travel by common carrier across the state line to keep appointments with Quarles, the ensuing debauchery, and his constant intent that their meetings should be for that purpose—all are clearly shown by the evidence which the jury believed. His guilt of the offense denounced by this statute depends wholly upon whether he "induced" the making of the trips.

It is his contention that to "induce," in the context here found, means more than merely to request, and involves the idea of overcoming opposition or reluctance. In this setting, we are not inclined to enter into a nice consideration of the definition of this word; accordingly, we pass by, without decision, Quarles' contention that the word is not satisfied by a simple request. It was so defined in the charge that the jury might have acquitted Quarles, if it had thought that, according to the standards prevailing among the parties, he was not seriously to blame, and that the instigation of the prosecution was for blackmail. The verdict of the jury and the sentence imposed by the trial court show that neither accepted Quarles' theory of fact, and we cannot say that both were wrong.

The same view disposes of the contention that, because the girl was an accomplice, the jury should have been warned against placing too much dependence on her testimony. This subject was not brought to the attention of the trial court during or after the charge, and both the premise and the conclusion of the proposition are far from clear. We would not be justified in acting, practically on our own motion, to consider such objections so raised.

The judgment below must be affirmed.