## BAIRD v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 7, 1922.)

### No. 3629.

**1. Criminal law ⬅1177—Conviction on three counts sustained, if sentence was imposable under valid count.**

Where defendant was convicted under an indictment containing three counts, and the sentence could have been imposed under either the first or third counts, the judgment will be affirmed, if the conviction under either of those counts can be sustained.

**2. Criminal law ⬅15—Prosecution under revenue acts for distilling before Prohibition Act took effect is valid.**

Where the acts on which the prosecution relied as showing a violation of Rev. St. §§ 3279, 3281 (Comp. St. §§ 6019, 6021), regulating the operation of distilleries, were committed in December, 1919, which was before the National Prohibition Act took effect, the prosecution therefor was saved by section 35, even though the indictment was not found until after the latter act took effect.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Statutes ⬡⟹64(2)—Invalidity of price-fixing sections of Lever Act did not invalidate restrictions on use of foodstuffs for distilling.**

The invalidity of Lever Act, § 4 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ff), fixing prices, does not affect the validity of section 15 (Comp. St. § 3115⅛l) prohibiting the use of foodstuffs for production of distilled spirits, in view of the express provision of section 22 (Comp. St. § 3115⅛oo).

**4. Criminal law ⬡⟹15—Repeal of Lever Act did not bar pending prosecutions.**

Even if Lever Act, § 15 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛l), was repealed by the Resolution of March 3, 1921, repealing wartime legislation generally, prosecutions for offenses already committed thereunder were expressly reserved by the last clause of the Resolution, and also by the declaration to that effect in section 24 of the Lever Act (Comp. St. § 3115⅛pp).

**5. Criminal law ⬡⟹901—Motion for directed verdict at close of government's case is waived by defendant's evidence.**

The motion to direct a verdict, made at the close of the government's case, was waived, where defendant did not rest on his motion, but thereafter offered his own evidence.

**6. Criminal law ⬡⟹1044—Sufficiency of evidence need not be reviewed, in absence of motion for directed verdict.**

Where the motion for directed verdict at the close of the government's evidence was waived, and no motion for directed verdict was made at the close of all the evidence, the Circuit Court of Appeals is not obliged to consider the sufficiency of the evidence to sustain the conviction, raised for the first time by motion for new trial, although it may consider that, if it is satisfied there has been a miscarriage of justice.

**7. Criminal law ⬡⟹1159(2)—Appellate court cannot weigh testimony.**

The Circuit Court of Appeals cannot weight the testimony, where there is substantial evidence tending to sustain the conviction.

**8. Criminal law ⬡⟹1156(1)—Denial of new trial can be reviewed only for abuse of discretion.**

The motion for new trial after conviction for crime was addressed to the judicial discretion of the trial judge, and his exercise thereof cannot be reviewed, in the absence of an abuse of discretion in denying the motion.

**9. Criminal law ⬡⟹961—Denial of new trial held not abuse of discretion.**

Trial judge did not abuse his discretion in denying a motion of accused for a new trial, where he gave such motion careful consideration, and the case had been twice tried, and 24 jurors had agreed defendant was guilty, in which conclusion the trial judge concurred.

**10. Criminal law ⬡⟹938(1)—Newly discovered evidence held not to show abuse of discretion in denying new trial.**

There was no abuse of discretion in denying new trial for newly discovered evidence tending to discredit witnesses for the government and addressed to the merits of the controversy, but cumulative.

In Error to the District Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Sam C. Baird was convicted of operating a distillery, contrary to the revenue laws, and of using foods, in the production of distilled spirits, contrary to the Lever Act, and he brings error. Affirmed.

S. G. Heiskell, of Knoxville, Tenn., for plaintiff in error.

George C. Taylor, U. S. Atty., of Greenville, Tenn.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Plaintiff in error was prosecuted under an indictment containing three counts—the first, under R. S. § 3281 (Comp. St.

⬡⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

§ 6021), for carrying on a distillery without giving bond; the second, under R. S. § 3279 (Comp. St. § 6019), for working in a distillery on which no sign "registered distillery" was placed and kept; the third, under section 15 of Lever Act Aug. 10, 1917, c. 53, 40 Stat. 276, 282 (1918 Supp. Fed. St. Ann. 181, 188, 189; Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛l), for using foods and food materials in the production of distilled spirits for beverage purposes. There was conviction upon all three counts. A motion for new trial was overruled.

[1] In our opinion the judgment should be affirmed. The sentence imposed was less than that imposable upon conviction under either the first or third counts. If, therefore, conviction is sustainable under either of those counts, the judgment is unassailable. Claassen v. United States, 142 U. S. 140, 146, 12 Sup. Ct. 169, 35 L. Ed. 966; Pierce v. United States, 252 U. S. 239, 252–253, 40 Sup. Ct. 205, 64 L. Ed. 542.

[2] If defendant was concerned in the still by way of ownership therein, the evidence would sustain a verdict of conviction, not only under the Lever Act, but under the revenue sections, the counts upon which charge the violation as "on the 7th day of December, 1919, and on divers other dates between May, 1, 1919, and 1st day of May, 1920." The government's evidence was specially directed to conditions in December, 1919, which was before the Volstead Act took effect on January 16, 1920. Dillon v. Gloss, 256 U. S. 368, 41 Sup. Ct. 510, 65 L. Ed. 994. The prosecution for the revenue violations was saved, notwithstanding the indictment was not found until after the Volstead Act took effect. National Prohibition Act, § 35, 41 Stat. 317 (1919 Supp. Fed. St. Ann. at page 217); Farley v. United States (C. C. A. 9) 269 Fed. 721, 724; Howard v. United States (C. C. A. 6) 271 Fed. 301, 302; Tisch v. United States (C. C. A. 6) 274 Fed. 208, 209.

[3] While the price-fixing provision of section 4 of the Lever Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ff) has been declared unconstitutional (United States v. Cohen Co., 255 U. S. 81, 41 Sup. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045), such declaration does not affect the validity of section 15 (Comp. St. § 3115⅛l). See in this connection the express provision in section 22 of the act (Comp. St. § 3115⅛oo).

[4] Assuming that section 15 of the Lever Act was repealed by the Resolution of March 3, 1921 (No. 64, Fed. Reporter Advance Sheets, vol. 270, No. 3, § 3115 ¹⁴/₁₅f; Fed. St. Ann. Supps. Nos. 26–27, pp. 72–74), which repealed war-time legislation generally, prosecutions for offenses already committed were not only expressly preserved by the last clause of the resolution, but section 24 of the Lever Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛pp) had contained declaration to the same effect.

[5] The motion to direct verdict, made at the conclusion of the government's case, was waived by defendant by not resting upon his motion, and by thereafter offering his own evidence. Runkle v. Burnham, 153 U. S. 216, 222, 14 Sup. Ct. 837, 38 L. Ed. 694; Big Brushy Co. v. Williams (C. C. A. 6) 176 Fed. 529, 532, 99 C. C. A. 102.

[6, 7] No motion for directed verdict having been made at the con-

clusion of all the evidence, this court is under no obligation to consider the latter's sufficiency, raised for the first time by motion for new trial, although we may consider it if satisfied that there has been a miscarriage of justice. Crawford v. United States, 212 U. S. 183, 194, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; Ramsey v. United States (C. C. A. 6) 268 Fed. 825, 826; Quarles v. United States (C. C. A. 6) 274 Fed. 203, 204. We are not satisfied that there has been such miscarriage.

[8] There was substantial evidence tending to sustain the conviction. We cannot weigh the testimony. Burton v. United States, 202 U. S. 344, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Kelly v. United States (C. C. A. 6) 258 Fed. 392, 406, 407, 169 C. C. A. 408; West v. United States (C. C. A. 6) 258 Fed. 413, 421, 169 C. C. A. 429. The motion for new trial was addressed to the judicial discretion of the trial judge, and his exercise thereof cannot be reviewed, in the absence of abuse thereof in denying the motion. Robinson v. Van Hooser (C. C. A. 6), 196 Fed. 620, 116 C. C. A. 294.

[9] The District Judge gave the motion for new trial careful consideration. The ultimate question of fact was whether or not the father was interested in the ownership and operation of the still, or whether the sons were the sole owners and operators thereof. The case was twice tried. In denying the motion the trial judge said:

"Twenty-four men have agreed, and I agree in their opinion. I thought he was guilty on the first trial, and I think he is guilty under the evidence the second time. I think the proof warrants the verdict."

Manifestly there was no abuse of discretion in denying the motion.

[10] The situation is not changed by the fact that defendant presented affidavits of various persons tending to discredit several of the witnesses for the government, and in some respects addressed to the merit of the controversy. As the District Judge remarked of the matters presented:

"Practically all are merely cumulative, just little details that relate to nothing that has not been before the jury on both trials."

The judge was of opinion that the alleged newly discovered evidence was not so conclusive as to justify a presumption that the result of a new trial would be different from that of those already had. The matter of new evidence was in some of its features not unlike the situation in Bates v. United States (C. C. A. 6) 269 Fed. 563, 566–567.

The correctness of the charge to the jury is not open to attack. Defendant took no exceptions thereto, nor did he present any requests for instructions, except an oral request, as to one feature, made during the argument. No exception was taken to the court's action on this request. We must not be understood as intimating that the charge was in any respect erroneous.

The judgment of the District Court is affirmed.