### WADDELL v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 11, 1922.)

No. 6031.

1. **Criminal law ⬤⟳1044—No review of objection to evidence already admitted, where no motion to strike made.**

Where counsel merely objected to an answer that witness made, and made no motion to strike it out, a claim that this testimony was erroneously received will not be considered, as the question was not presented to the trial court for a ruling.

2. **Intoxicating liquors ⬤⟳238(2)—Question of defendant's possession held for jury.**

Whether defendant possessed whisky found in a room in which defendant claimed he no longer lived *held* for the jury.

3. **Criminal law ⬤⟳465—Witness' conclusions as to defendant's motives not admissible, where no foundation laid.**

Where no foundation had been laid, it was not error to refuse to allow witness to answer a question concerning the cause for defendant leaving a house in which intoxicating liquor was found, as the question called for witness' conclusion as to defendant's motives, and there had been no foundation laid for such testimony.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

A. G. Waddell was convicted of possessing whisky, and he brings error. Affirmed.

S. A. Jones, M. E. Dunaway, E. L. McHaney, and Murphy, McHaney & Dunaway, all of Little Rock, Ark., for plaintiff in error.

Charles F. Cole, U. S. Atty., of Batesville, Ark., W. A. Utley, Asst. U. S. Atty., of Benton, Ark., and June P. Wooten, Special Asst. U. S. Atty., of Little Rock, Ark.

Before CARLAND, Circuit Judge, and MUNGER, District Judge.

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MUNGER, District Judge. The plaintiff in error was convicted of a violation of the National Prohibition Act, under an information charging the unlawful possession of a quantity of whisky.

[1] The first specification of errors rests upon an objection relating to testimony given on behalf of the government. The government endeavored to prove that the defendant illegally possessed intoxicating liquor at a room which it claimed had been occupied by the defendant. A prohibition enforcement officer testified, without objections, that the defendant roomed at this place, described as 909 Ringo street, and that he had had information from the defendant about this room. He was asked to state what the defendant said but answered: "We first had information at the office that he was handling whisky at his pool room and this room." The defendant's counsel then said: "We object to that, if your honor please." The court ruled: "He may show that to show why he went there." And defendant's counsel then replied: "I understood him to say at some pool hall. Save our exceptions." The defendant now urges that this testimony was erroneously received, because it was not responsive and was hearsay.

No such objection was made before the trial court. A mere statement by counsel, such as "I object," when a question is asked, is often of no more force than if counsel had not spoken. M., K. & T. Ry. Co. v. Elliott, 102 Fed. 96, 105, 42 C. C. A. 188. But here the question had been answered. No motion was made to strike the answer as not responsive, or because it was hearsay. If the court had stated that the objection was sustained, the testimony would still have remained before the jury. The reply of counsel that he understood the witness "to say at some pool hall" indicated that he had no objection at that time to the testimony, so far as it related to the defendant's room in Ringo street, and the next answer of the witness stated that the officers had information that the defendant was handling whisky at his room, 909 Ringo street, and that they procured a search warrant and went there. No objection was made to this testimony. The assignment of error cannot be sustained, because the defendant did not present the questions to the trial court for a ruling.

[2] It is claimed that the testimony as to the defendant's possession of the whisky was not sufficient as a basis for the verdict, or as a basis for admission of other evidence offered. The defendant claimed that he had formerly lived in this room, but had abandoned it; but the government witnesses testified that he lived there, and that after the discovery of the whisky the defendant admitted it was his room, and on the next day the defendant asked one of the officers why he had taken his whisky, and told him it was his liquor. It also appeared that a portion of his belongings still remained in this room, including some of his clothing, and some of his mail was found there. The evidence was sufficient to send the case to the jury on the question of the defendant's possession of the whisky found in this room.

[3] The defendant testified that he had given up this room in the preceding month, because the landlady had tuberculosis, but complains because another roomer at this house, called as a witness for the defendant, was not permitted to answer a question asked as to the cause

for defendant's leaving this house. The question called for the witness' conclusion as to defendant's motives, and there had been no foundation laid for such testimony.

The insufficiency of the information is asserted, but it was not attacked by any motion to quash, or demurrer, or by motion in arrest of judgment, and the grounds now alleged have been held by this court not to be well taken in the case of Massey v. United States, 281 Fed. 293.

Complaint is made that the court refused to instruct upon the weight of circumstantial evidence, but no instruction on the subject was tendered by the defendant, and the testimony that defendant had admitted that the whisky seized belonged to him took the case out of the class that rests solely upon circumstances. A further exception was taken to part of the court's instructions as to the purpose for which evidence was received relating to the finding in this room of a large quantity of well-known labels for whisky bottles, of coloring matter used in changing the natural color of moonshine whisky, and of stoppers for bottles; but, if an error was made in what was said in the instructions as first given, it was corrected when the court's attention was called to it, and no further exception was taken to the modification of the instruction relating to this subject.

The judgment will be affirmed.