### NEMAHA COUNTY, Neb., v. HARMON.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1923.)

No. 6184.

1. **Bridges ⬳46(6)—Evidence held to support verdict against county for wrongful death.**

In an action for damages for wrongful death because of defendant county's negligent construction and maintenance of a highway bridge, conflicting evidence *held* to support a verdict for plaintiff.

2. **Appeal and error ⬳216(2), 1068(5)—Submission of comparative negligence without explaining statute held not reversible error.**

In an action against a county for wrongful death caused by the giving way of a highway bridge following a heavy rainfall, the failure of the court in giving an instruction on the question of comparative negligence under the Nebraska statute to explain or define the statute was not reversible error, where no explanation or definition was requested by defendant, and no objection or exception was taken on that ground, and the court with the acquiescence of the counsel for defendant submitted special findings as to whether decedent's father or mother, decedent being a minor traveling in their automobile, was guilty of contributory negligence, and the jury found in special verdict that neither of them was guilty.

3. **Appeal and error ⬳1057(1)—Erroneous exclusion of evidence harmless, where other evidence supplied the facts sought to be shown thereby.**

The exclusion of photographs offered by defendant to show the condition of a highway bridge after the accident resulting in the death of plaintiff's decedent, if erroneous, was not reversible, where other photographs admitted and the other testimony in the case fully disclosed situation in that respect.

4. **Trial ⬳260(1)—Refusal of requested instructions otherwise given not error.**

The refusal of requested instructions, substantially embodied in other instructions given, is not error.

In Error to the District Court of the United States for the District of Nebraska.

---

Action at law by Frank Harmon, as administrator of the estate of Loyal Burchard Harmon, deceased, against Nemaha County, Neb. Judgment for plaintiff, and defendant brings error. Affirmed.

Ernest F. Armstrong, of Auburn, Neb. (Jacob Fawcett, of Lincoln, Neb., and R. F. Neal, of Auburn, Neb., on the brief), for plaintiff in error.

G. E. Hager, of Lincoln, Neb., for defendant in error.

Before STONE, LEWIS, and KENYON, Circuit Judges.

LEWIS, Circuit Judge. This action was brought by defendant in error as administrator of the estate of a deceased minor child of W. Burch Harmon and Fairy P. Harmon, to recover damages on account of the child's death due, as charged, to the negligence of plaintiff in error in the construction·and maintenance of a bridge along a public highway over an artificial stream about 8 feet deep and 34 feet wide. After dark on the evening of May 22, 1920, the father and mother ·took the child with them in an automobile to go to a town not far away for the purpose of buying groceries. There had been a heavy rain just before they started. When they reached the bridge a part of it had been carried out by flood water, but·that condition being unobserved the auto was precipitated into the stream and the child drowned. The defense was a denial of negligence, contributory negligence of both father and mother in not discovering the dangerous condition of the bridge before driving onto it, and that the dangerous condition of it was caused by an unusual and unprecedented rainfall which could not be anticipated and guarded against. In submitting the case to the jury the court confined its consideration to the charge "that the county negligently allowed some of the piles under the south end of the main span of the bridge to be merely resting on the ground at the bottom end of the piles and to be insufficiently imbedded in the ground, and negligently failed to brace the piles with sway braces of proper or sufficient fastenings."

[1-4] It is sufficient to say that on all issues the testimony was in serious conflict, and as to each it was the exclusive duty of the ·jury to decide. This disposes of the first alleged error argued and relied upon, viz: that the court should have instructed a verdict for plaintiff in error.at the conclusion of the testimony. Furthermore, we do not find in the record that the court was asked to so instruct. The next assigned error argued and relied on is that the court submitted to the jury the question of comparative negligence. In doing so the court quoted the Nebraska statute, which provides that contributory negligence shall not bar recovery when that negligence is slight and the negligence of the defendant gross in comparison; but in that event contributory negligence shall be considered in mitigation of damages. The court gave no explanation or definition of the statute. It was not requested to do so, and no objection or exception was taken on that question. In addition to this the court, with the acquiescense of counsel for plaintiff in error, submitted special findings for the jury as to whether either the father or mother was guilty of contributory negligence, and the jury found in special verdicts that neither of

them was guilty. The next error assigned and relied on in argument is the refusal of the court to permit during the trial the introduction of four photographs taken at the scene of the bridge after the accident. A number of other photographs of the bridge and its location taken just after the accident were offered and received in evidence. They, coupled with the testimony in the case, disclose fully and in detail the situation in that respect, and conceding the admissibility of those excluded by the court, we do not think their exclusion constitutes reversible error. The plaintiff in error requested the court to give six separately numbered instructions, all of which it refused. In so far as they were appropriate, we think they were substantially embodied in the instructions given to the jury. Other errors during the progress of the trial have been assigned, twelve in all, some of them duplications of those we have considered; but none of them in our judgment are of merit or prejudicial.

Affirmed.