## FEINBERG v. UNITED STATES.

### SNYDER v. SAME.

(Circuit Court of Appeals, Eighth Circuit. December 11, 1924.)

Nos. 6388, 6389.

**1. Intoxicating liquors ☞222—Information for unlawful possession need not negative exceptions in statute.**

An information, charging "unlawful" possession of liquors in violation of National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), need not negative the exceptions stated in the second paragraph of the section by alleging that the liquor was possessed for beverage purposes.

**2. Criminal law ☞1044—Sufficiency of evidence will not be considered by appellate court in absence of motion for directed verdict.**

Judicial Code, § 269, as amended (Comp. St. Ann. Supp. 1919, § 1246), providing that technical errors not affecting substantial rights shall be disregarded, does not require an appellate court to decide the question of the sufficiency of the evidence in the absence of a request for an instructed verdict, and it will not do so, unless it is satisfied that there has been a miscarriage of justice.

**3. Intoxicating liquors ☞139, 143—Illegal possession of liquor and maintenance of nuisance may be charged as separate offenses.**

Unlawful possession of liquor is not necessarily an element of the offense of maintaining a nuisance under National Prohibition Act, tit. 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), though the possession existed at the same time as maintenance of the nuisance, since it may have been for other illegal purposes than barter or sale, and the two offenses may be charged separately.

**4. Intoxicating liquors ☞224—Possession is prima facie unlawful.**

Under National Prohibition Act, tit. 2, § 33 (Comp. St. Ann. Supp. 1923, § 10138½t), possession of liquor is prima facie unlawful, and the burden rests on the possessor to show its lawfulness.

**5. Intoxicating liquors ☞169—Knowledge of employer's possession is not possession by employé.**

Knowledge by an employé of the possession of liquor by his employer, or his handling of it as an employé, does not constitute possession by him.

**6. Criminal law ☞1208(2)—Sentence, within statutory limit, is discretionary with trial court.**

The extent of a sentence within the statutory limit, is a matter committed to the discretion of the trial court, and not reviewable.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Criminal prosecution by the United States against Ben Feinberg, Herman Snyder, and others. Judgment of conviction, and the above-named defendants bring error. Reversed as to Feinberg on one count; otherwise, affirmed.

William H. Dickson, of Denver, Colo., for plaintiffs in error.

Clarence L. Ireland, Asst. U. S. Atty., of Denver, Colo. (Granby Hillyer, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before STONE, Circuit Judge, and MUNGER and MILLER, District Judges.

MUNGER, District Judge. An information was filed against the plaintiffs in error and against Clint Newhart and Morris Feinberg charging violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The first count charged the offense of unlawful possession, and the second and third counts the unlawful sales, of intoxicating liquors. The fourth count charged the unlawful maintenance of a nuisance under section 21 of title 2 of the act (section 10138½jj). All of the defendants were found guilty under counts 1 and 4, the defendants other than the Feinbergs were found guilty under the second count, and the defendants other than Newhart were found guilty under the third count. From the judgment upon these verdicts Ben Feinberg and Herman Snyder have prosecuted petitions in error.

[1] The first count of the information charged the offense of unlawful possession of distilled spirits, an intoxicating liquor, prohibited by section 3 of the National Prohibition Act, tit. 2 (section 10138½aa). A motion for arrest of judgment under this count was overruled, and it is now claimed that the count is defective in failing to allege that the intoxicating liquors were possessed for beverage purposes or for some unlawful purpose, in view of the provisions of the second paragraph of section 3 of the National Prohibition Act, permitting the possession of intoxicating liquor for non-beverage purposes under some circumstances. It was not essential to the statement of the offense of unlawful possession under the first paragraph of section 3 of the act that the information should have alleged that the liquor was for some unlawful purpose because the offense of unlawful possession is accurately described in the first portion of this section, and the second portion of the section is so entirely separable that the information need not negative the exceptions, especially in view of the provisions of section 32 of the National Prohibition Act, tit. 2 (section 10138½s). Davis v. United States (C. C. A.) 274 F. 928, 929; Massey v. United States (C. C. A.) 281 F. 293, 296. Moreover, the allegation that the defendants "un-

lawfully" possessed this intoxicating liquor necessarily excludes the idea that the possession was lawful and permitted by the National Prohibition Act. Rulovitch v. United States (C. C. A.) 286 F. 315, 318; Cabiale v. United States (C. C. A.) 276 F. 769, 770; United States v. Jones (D. C.) 298 F. 131, 132; Martin v. United States (C. C. A.) 299 F. 287, 288; Pierce v. United States, 252 U. S. 239, 244, 40 S. Ct. 205, 64 L. Ed. 542.

[2] The plaintiffs in error contend that the evidence was not sufficient to authorize a verdict finding them guilty under any of the four counts. It does not appear that there was any request for an instruction that a verdict should be rendered in favor of the defendants, nor other exception to the action of the court in submitting the case to the jury. By section 269 of the Judicial Code, as amended (Comp. St. Ann. Supp. 1919, § 1246), it is provided that "on the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." Before the enactment of this statute it was the general rule that the appellate tribunal would not ordinarily consider an assignment of error, unless based upon a ruling of the trial court and an exception thereto, and the Supreme Court of the United States in Robinson & Co. v. Belt, 187 U. S. 41, 50, 23 S. Ct. 16, 19 (47 L. Ed. 65), had expressed the principle in this form: "While it is the duty of this court to review the action of subordinate courts, justice to those courts requires that their alleged errors should be called directly to their attention, and that their actions should not be reversed upon questions which the astuteness of counsel * * * has evolved from the record." The purpose of this statute was stated in the report of the House Committee on the Judiciary (H. R. 913, 65th Cong., 3d Sess.), as follows:

"Its object is to limit the power given in this section by directing that technical errors that may occur in the trial of an action shall be disregarded, unless it is made to appear that such errors affect the substantial rights of the parties. Under the practice that prevails in many jurisdictions, every error is presumed to affect the substantial rights of the parties litigant, unless the contrary clearly appears, and such errors are grounds for a new trial. The ob-

ject of the proposed legislation is to cast upon the party seeking a new trial the burden of showing that any technical errors that he may complain of have affected his substantial rights; otherwise, they are to be disregarded."

It will be observed that the statute does not expressly state that the reviewing court shall decide any error alleged, even if the error complained of was not called to the attention of the trial court. The chief purpose of the statute is properly set forth in Storgard v. France & Canada S. S. Corporation (C. C. A.) 263 F. 545, 546, as follows:

"We do not construe the section as authorizing appellate courts to decide on the whole record whether exceptions have been taken or not. The mischief it was intended to correct is just the opposite of overlooking defects due to negligence, ignorance, or inadvertence, viz., the reversal of judgments because of errors, defects, or exceptions which, though raised with technical accuracy, do not affect substantial rights."

It is now the established rule, notwithstanding the provisions of section 269 of the Judicial Code, that the appellate court will not decide the question of the sufficiency of the evidence in the absence of a request for an instructed verdict, unless it is satisfied that there has been a miscarriage of justice. Quarles v. United States (C. C. A.) 274 F. 203, 204; Lockhart v. United States (C. C. A.) 264 F. 14, 16; De Jianne v. United States (C. C. A.) 282 F. 737, 739; Thompson v. United States (C. C. A.) 283 F. 895, 896; Bilboa v. United States (C. C. A.) 287 F. 125, 126; Robilio v. United States (C. C. A.) 291 F. 975, 980, 981; Loewenthal v. United States (C. C. A.) 274 F. 563, 568; Sylvia v. United States (C. C. A.) 264 F. 593, 594; Albert v. United States (C. C. A.) 281 F. 511, 514; Rosen v. United States (C. C. A.) 271 F. 651, 653. In the case of August v. United States, 257 F. 388, 392, 168 C. C. A. 428, this court held that section 269 of the Judicial Code authorized and commanded the court to render judgment without regard to the technical error of the want of exceptions in that case to the remarks of counsel, complained of as error. This construction of the statute as commanding a review of alleged errors, whether or not the attention of the trial court had been called to the alleged error, has not been concurred in by other courts. De Jianne v. United States, supra (C. C. A.) 282 F. 737, 739; Thompson v. United States, supra (C. C. A.) 283 F. 895, 897; Carson v. Jackson, supra, 281 F. 411, 416, 52 App

D. C. 51. Since the decision in the August Case, it has been repeatedly held by this court that the appellate court would not review, in the absence of proper objection or exception made in the trial court, the sufficiency of the evidence to support the verdict (Bonner v. United States, 275 F. 614; Trope v. United States, 276 F. 348, 350; Crowell Bros. v. Panhandle Grain & Elevator Co., 271 F. 129, 130; Pauchet v. Bujac, 281 F. 962, 966; Robins v. United States, 262 F. 126, 127; Anderson v. United States, 264 F. 75, 77; Prosser v. United States, 265 F. 252, 253; McNutt v. United States, 267 F. 670, 672; Smith v. United States, 267 F. 665, 667; Holland v. United States, 268 F. 244, 245; Sturtz v. United States, 268 F. 350, 351), the propriety of the instructions to the jury (Simmons Hardware Co. v. Southern Ry. Co., 279 F. 929, 934; Roberts v. United States, 283 F. 960, 962; Ryan v. United States, 283 F. 975, 976; Nemaha County v. Harmon, 289 F. 795, 796; Greenberg v. United States, 297 F. 45, 47; Harrington v. United States, 267 F. 97, 104), the admissibility of evidence (Waddell v. United States, 283 F. 409, 410; Savage v. United States, 270 F. 14, 20; Wild v. United States, 291 F. 334, 337), and has stated the general principles as follows:

"The law requires that errors, to be reviewable, must have been definitely and timely called to ·the attention of the trial court, in order to afford that court a fair opportunity to pass upon the matter, and correct its own errors, if any. The purpose is to require counsel, at the proper time, to call the attention of the court to the claimed error with sufficient certainty and definiteness for the court to understand clearly the precise action of the court which is attacked, or the precise action of the court which is sought to be obtained." Arkansas Bridge Co. v. Kelly-Atkinson Const. Co. (C. C. A.) 282 F. 802, 804.

The decisions in some of these cases were written by or concurred in, by judges who sat in the August Case. The Supreme Court of the United States in cases decided long subsequently to the amendment of section 269 of the Judicial Code has held that a proper objection or exception to instructions given is essential to procure a review of the instructions by the appellate court. Guerini Stone Co. v. Carlin Constr. Co., 248 U. S. 334, 338, 39 S. Ct. 102, 63 L. Ed. 275; Pennsylvania R. R. Co. v. Minds, 250 U. S. 368, 375, 39 S. Ct. 531, 63 L. Ed. 1039. In view of these decisions, the statement in the August Case that section 269 of the Judicial Code commands this court to render judgment without regard to the want of exceptions to errors of the nature there described cannot longer be regarded as a correct construction of that act.

Notwithstanding the failure of the plaintiffs in error to properly preserve the right to question the sufficiency of the evidence, the court, in the exercise of its discretion, has considered the objection made, and finds that it was sufficient to justify the verdicts. There was evidence on the part of the government tending to show the following facts: The plaintiff in error Snyder was the proprietor of a restaurant in Denver where soft drinks were dispensed at a bar, and Ben Feinberg, Morris Feinberg, and Clint Newhart were employed there by Snyder. Newhart sold one of the government's witnesses a soft drink at this place, and in a conversation following quoted the witness prices for moonshine and bonded whisky. When the witness requested a pint of the whisky Newhart called Snyder forward, who made some inquiries as to the witness' residence and acquaintances in Denver, and then sold him the pint of whisky. On the next day this witness and another government witness purchased soft drinks at that place from Morris Feinberg, and requested the purchase of something stronger. Morris Feinberg called to Ben Feinberg, who came forward, and after one of these witnesses had told Ben Feinberg of the sale by Snyder on the preceding day, and had answered questions as to his residence, Ben Feinberg sold the two witnesses two drinks of whisky. He also sold one of the witnesses a half pint of whisky which he brought from the rear part of the restaurant. Later in the day, in pursuance of a search warrant, there was found in a room in the rear portion of the restaurant, in a door, or what is called a "fake partition," a large number of bottles of whisky and other liquor. The plaintiff in error Snyder, after the execution of the search warrant, was advised by two of the government's witnesses to give up the practice of violating the law, but answered that he did not intend to stop selling whisky until he had made $40,000. There was testimony by some of the defendants in contradiction of the testimony on the part of the government, but the jury were authorized under this evidence to find the plaintiffs in error guilty as charged. It is unnecessary to review criticism made of the probative value of portions of the evidence, such as the fact that the proofs showed the offenses to have been committed one day prior to the

date alleged in the information (Ledbetter v. United States, 170 U. S. 606, 612, 18 S. Ct. 774, 42 L. Ed. 1162), the sufficiency of the proof that some of the whisky purchased was intoxicating liquor (Hensberg v. United States [C. C. A.] 288 F. 370, 371), or the knowledge of Snyder of the hidden stock of liquor (Parks v. United States [C. C. A.] 297 F. 834, 835), because they are plainly without merit.

[3, 4] It is claimed that the conviction for possession and also for maintenance of a nuisance is a double penalty for the same offense. The question was not properly preserved either by motion to require an election between the several counts, request for instruction, or in the proceedings subsequent to the verdicts. The offense of unlawful possession of intoxicating liquor is not necessarily included as one of the elements of the offense of maintenance of a nuisance under section 21 of the National Prohibition Act, even if the possession existed at the same time as the maintenance of the nuisance. Under that section it is necessary that the keeping or possession of the liquor shall be for sale, barter, or other commercial purposes. Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 92, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548. Unlawful possession, as defined in section 3 of the National Prohibition Act, is not limited to possession for sale, barter, or commercial purposes, but embraces possession for any purpose not permitted by that act. While the jury might have been permitted to have drawn the inference that the stock of liquor which was seized under the search warrant was kept for sale, because of the three sales that were proved, they were not required to do so, but could infer that the liquor was kept for some other illegal purpose. The possession of this stock of liquor under the circumstances made a prima facie case for the government of illegal possession under the provisions of section 33 of the National Prohibition Act, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½t), and the burden of proof was upon the plaintiffs in error to show the lawfulness of the possession. Dillon v. United States (C. C. A.) 279 F. 639, 644; Singleton v. United States (C. C. A.) 290 F. 130, 131; Barker v. United States (C. C. A.) 289 F. 249, 250; Fassolla v. United States (C. C. A.) 285 F. 378, 379; Panzich v. United States (C. C. A.) 285 F. 871, 873.

[5] Exception was taken to a portion of the instructions wherein the court, after stating that anybody who takes part in the violation of the law is just as guilty as any one else in that particular crime, added:

"In other words, if any or all of these defendants knew and had knowledge that this liquor was on the premises while they were employed there by the proprietor in control of the premises, to handle it, then they are just as guilty as he is of possession. In other words, the law does not differentiate in the degree of guilt. Of course, however, you must find first that they knew of their own knowledge that that liquor was there, and in deciding that question you can take into consideration all the circumstances and all the evidence, direct or circumstancial."

Other portions of the instructions stated the rule more properly, but not as a corrected statement of the portion of the instructions quoted. By this portion of the instructions the jury were not told that possession by the employé, or his aiding and abetting another in the possession of intoxicating liquor, made a prima facie case of unlawful possession and cast upon such employé the burden of proving that the liquor was lawfully possessed, but were told that knowledge by the employé of the presence of this liquor on the master's premises during the time he was employed there to handle it made the employé equally guilty with the master. This instruction was inaccurate, and tended to mislead the jury as to the guilt of Ben Feinberg under the charge of unlawful possession. Proof of mere knowledge of the presence of the liquor, or of the handling of it as an employé, or of both of these facts, did not necessarily show either possession or unlawful possession by the employé. Because of this erroneous instruction the verdict finding Ben Feinberg guilty of unlawful possession should be set aside.

[6] It is finally contended that the sentences imposed were oppressive and unjust. It is our opinion that the sentences were not excessive, but the extent of the sentence, within the statutory limitation, is a matter that is committed to the discretion of the trial court, and is not reviewable by this court. Krein v. United States (C. C. A.) 282 F. 623, 624; Carpenter v. United States (C. C. A.) 280 F. 598, 601; Hodgskin v. United States (C. C. A.) 279 F. 85, 94. The conviction of Benjamin Feinberg under the first count of the information will be reversed, and the judgments otherwise will be affirmed.