## AMERICAN PETROLEUM CO. v. MISSOURI PAC. RY. CO.

Circuit Court of Appeals, Eighth Circuit.
March 22, 1928.

No. 7798.

1. **Trial ⚖︎75—Stipulation for introduction of statements precluded objection to statements on ground of incompetency or as not best evidence.**

Stipulation of parties that either party might produce witnesses who could testify to statements taken from their books and records, and that statements might be introduced in evidence, precluded objection to statements introduced on ground of incompetency or as not best evidence attainable.

2. **Sales ⚖︎382—Testimony that railroad contracting for fuel oil had empty oil cars was admissible to rebut seller's testimony of inability to furnish cars for delivery.**

In suit alleging railroad's breach of contract for purchase of fuel oil, wherein plaintiff offered evidence that defendant was unable to furnish oil cars necessary for delivery pursuant to contract, evidence of defendant railroad undertaking to show that there was a large number of empty oil cars on its tracks immediately adjacent to plaintiff's rack tracks *held* relevant and material for purpose of rebutting testimony offered by plaintiff.

3. **Appeal and error ⚖︎203(½), 237(5)—Appellate court will not review sufficiency of evidence nor objections thereto not presented to trial court by request to direct verdict.**

Circuit Court of Appeals will not review sufficiency of evidence to support judgment nor objections to evidence, when those questions were not presented to trial court by request for directed verdict nor in any other manner.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit by the American Petroleum Company against the Missouri Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

N. C. Marsh, of El Dorado, Ark. (Marsh McKay & Marlin, of El Dorado, Ark., and W. W. Moore and T. J. Arnold, both of Houston, Tex., on the brief), for plaintiff in error.

E. B. Kinsworthy, of Little Rock, Ark. (Edward J. White, of St. Louis, Mo., on the brief), for defendant in error.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The plaintiff below brought suit against the defendant railway company alleging a breach of contract. From a verdict and judgment in fa-

vor of the defendant, the plaintiff prosecuted this writ of error. The contract obligated the plaintiff to deliver a large amount of fuel oil to the defendant for use in operating the railway. It was to be delivered free on board the defendant's cars at designated stations, and was to be delivered in approximately equal amounts monthly. The plaintiff alleged that it was able and ready to deliver the proper amounts in the months of March, April, May, and June, 1923, but that the defendant failed to place sufficient cars for the receipt of the oil. The railway company's defense was that the plaintiff was not able nor ready to make the deliveries, and that it furnished cars for all the oil that the plaintiff could deliver under the contract. At the trial it appeared that the method of delivery was for the railway company to place tank cars for the reception of the oil on a track adjacent to a rack used by the plaintiff for the purpose of filling the tank cars. This will be referred to as the rack track. This track was a part of a system of the defendant's railway side tracks at the places of loading. At the beginning of the trial there was a stipulation by the parties that either party might produce witnesses who could testify to statements taken from their books and records, and that the statements might be introduced in evidence. The chief complaint of the plaintiff in error is to the admission in evidence of a portion of a statement offered by the defendant. The plaintiff in seeking to make out its case had offered testimony as to the amount of oil it controlled and to the amount that it placed in the cars of the defendant during this period. It offered a statement, taken from records of the parties, showing on each day the number of cars which the defendant had placed on the rack tracks, the number loaded, and the number of loaded cars taken from these tracks under bills of lading. It was the plaintiff's theory that this evidence showed that it had delivered all the oil for which the railway company had supplied cars, but that the railway company should have supplied more cars at these places. The plaintiff also introduced a statement from the defendant's books to show that the railway company, during a portion of this 4 months' period, had allowed an average period of 10.4 days to elapse from the time a loaded car was taken away from the rack track before the car was returned to that track for reloading, but had taken an average period of only 3.6 days for a return of such cars for the remainder of the year after this period. The evident purpose of this offer of evidence

was to furnish an argumentative support for the plaintiff's claim that the defendant had not furnished a sufficient number of cars, by proof that the railway company was unable or unwilling to return the cars for reloading in as short a period as it was later able to make the return. When the defendant produced its evidence, it attempted to prove that the plaintiff was unable to supply enough oil of the contract grade to fill the cars that were furnished by the defendant on the rack tracks. It offered in evidence a statement prepared from its books and records to show the cars which it placed on the rack tracks. Another portion of the statement showed the number of empty oil cars that it had each day on its side tracks immediately adjacent to the rack tracks. The objection that was made to this is as follows:

"We object to the introduction of the statement offered—it is Exhibit 11—so far as this refers to cars on the track and not placed on the rack, and to the total of cars which carries in that total the number of cars each day that were on the rack and those that were on the track or in the yard not placed for loading."

The plaintiff in error assigns the overruling of this objection as prejudicial error. No ground of objection was stated. In District of Columbia v. Woodbury, 136 U. S. 450, 462, 10 S. Ct. 990, 994 (34 L. Ed. 472), the court said:

"In Camden v. Doremus, 3 How. 515, 530 [11 L. Ed. 705], this court declined to consider objections made to the admission of evidence which did not state the grounds upon which they were made, and did not obviously cover the competency of such evidence nor point to some definite and specific defect in its character. 'We must,' the court said, 'consider objections of this character as vague and nugatory, and, if entitled to weight anywhere, certainly as without weight before an appellate court.'"

See Missouri, K. & T. Ry. Co. v. Elliott (C. C. A.) 102 F. 96, 105; Waddell v. United States (C. C. A.) 283 F. 409, 410.

[1, 2] The stipulation would preclude an objection to the statement on the ground of incompetency or as not the best evidence attainable. From the briefs and arguments it appears that the ground of objection now relied upon is the immateriality under the issues of this portion of the exhibit. But the plaintiff had undertaken to prove that the defendant not only had not furnished the cars required, but also that it was unable to furnish them, because of the long absences of the cars loaded by the plaintiff. The plaintiff had not shown that the defendant did not have other cars available, but the defendant was entitled to meet the evidence which the plaintiff had offered and to show that it had other cars available. By this portion of the exhibit the defendant undertook to prove that there was large number of empty oil tank cars on its side tracks immediately adjacent to the rack tracks, and that these cars were there during the greater portion of the period in question, and therefore that there was no dearth of cars because of the absence of the cars which the plaintiff had loaded. This evidence was relevant and material for the purpose of rebutting the testimony offered by the plaintiff as to the prolonged absence of some of the loaded cars. The assignments of error allege that the admission of this exhibit was erroneous, and in support of the assignment it is argued that there were errors shown in other portions of the exhibit. There was no objection made to these portions of the exhibit at any time.

[3] The only other matter argued by the plaintiff in error is that the verdict is not supported by any substantial evidence. There was no request for a directed verdict, nor in any other way was the question raised in the trial court. The Circuit Court of Appeals will not review the sufficiency of the evidence to support the judgment nor objections to evidence when those questions were not presented to the trial court. Weinstein v. Laughlin (C. C. A.) 21 F.(2d) 740, 742; Allen v. Cartan & Jeffrey Co. (C. C. A.) 7 F.(2d) 21, 23; Edwards v. United States (C. C. A.) 7 F.(2d) 357, 359; Ray v. United States (C. C. A.) 13 F.(2d) 126; Feinberg v. United States (C. C. A.) 2 F.(2d) 955, 956.

The judgment will be affirmed.