McSPADDEN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 14, 1915.)

No. 4393.

1. INDICTMENT AND INFORMATION ⬥133—VALIDITY OF INDICTMENT—MODE OF TESTING.

The validity of an indictment cannot be tested by an objection to any evidence on the part of the government.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 451–468; Dec. Dig. ⬥133.]

2. INDIANS ⬥38—OFFENSES—INTRODUCTION OF LIQUOR.

An indictment charging that accused introduced liquor into the state of Oklahoma from without the state, into a county within that which was formerly the Indian Territory, charges a violation of Act March 1, 1895, c. 145, 28 Stat. 697, § 8.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 22, 64, 66; Dec. Dig. ⬥38.]

3. INDIANS ⬥38—OFFENSES—INTRODUCTION OF LIQUOR INTO INDIAN TERRITORY—EVIDENCE.

In a prosecution for introducing liquor into what was formerly the Indian Territory from without the state of Oklahoma in violation of Act March 1, 1895, c. 145, 28 Stat. 697, § 8, evidence *held* sufficient to go to the jury.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 22, 64, 66; Dec. Dig. ⬥38.

Introducing intoxicating liquors into Indian country, see note to Joplin Mercantile Co. v. United States, 131 C. C. A. 171.]

4. CRIMINAL LAW ⬥814—TRIAL—INSTRUCTIONS.

In a prosecution for violating Act March 1, 1895, c. 145, 28 Stat. 697, § 8, relating to the introduction of liquor into the Indian Territory, requests applicable to Act Jan. 30, 1897, c. 109, 29 Stat. 506, § 1 (Comp. St. 1913, § 4137), are properly refused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1821, 1833, 1839, 1860, 1865, 1883, 1890, 1924, 1979–1985, 1987; Dec. Dig. ⬥814.]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Booth McSpadden, alias Henry Moore, was convicted of introducing liquor into the Indian Territory from without the state of Oklahoma, and he brings error. Affirmed.

J. I. Howard and C. B. Holtzendorff, both of Claremore, Okl., for plaintiff in error.

W. P. McGinnis, of Muskogee, Okl. (D. H. Linebaugh, of Muskogee, Okl., on the brief), for the United States.

Before ADAMS, Circuit Judge, and TRIEBER and REED, District Judges.

ADAMS, Circuit Judge. Plaintiff in error was indicted and convicted for introducing liquor into the Indian Territory from without the state of Oklahoma in violation of the act of March 1, 1895. The indictment particularizes the offense by alleging that the defendant introduced liquor into the county of Ottawa and state of Oklahoma from

without the state of Oklahoma; that county being within the limits of what was before statehood the Indian Territory. A plea of not guilty was entered by the defendant and he went to trial.

The evidence tended to show that the defendant lived in Chelsea, Okl., which was within the boundary of the Indian Territory, and that he was arrested by a United States deputy marshal on his way home from Baxter Springs, Kan., having in his possession two suit cases, one of which contained seven quarts of whisky; that he gave an assumed name upon his arrest and endeavored by shifting his suit cases from one place to another on the train to prevent the officer from finding him in actual possession of the liquor. From this evidence and other facts and circumstances produced in evidence the jury found him guilty as charged in the indictment, and he was sentenced to be imprisoned in jail for a period of five months and to pay a fine of $100. To reverse this judgment he prosecutes this writ of error.

[1-3] He assigns as error that the trial court erred in overruling his objections to any evidence on the part of the United States, on the alleged ground that the indictment failed to charge a penal offense. There are two good reasons why there was no error in that ruling: First, it is not permissible in federal practice to test the validity of an indictment by objection to evidence offered by the government at the trial; and, second, because the indictment without any doubt did well state an offense under the law. He assigns for error that the court erred in denying his request for an instructed verdict in his favor at the close of the evidence. There was clearly no error in so ruling. The facts and circumstances brought out at the trial, as already outlined, were sufficient to require a submission of the issue of guilt or innocence under proper instructions to the jury.

[4] He next assigns for error the refusal to give two certain requested instructions to the jury. These instructions related to what might or might not have been material considerations if the charge had been introducing liquor into the Indian country, in violation of the act of Congress of January 30, 1897, instead of into the Indian Territory in violation of the act of March 1, 1895. They were therefore properly refused.

The next assignment of error is that the court erred in its charge to the jury on the subject of circumstantial evidence. A careful reading of the charge shows that the usual and proper definition of circumstantial evidence was given and no improper comments made about it.

Finding no reversible error in the case, the judgment of the District Court is affirmed.