### GRANT v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 12, 1918.)

No. 5077.

1. INDICTMENT AND INFORMATION ⊜―133(7)—MODE OF ATTACK.
    The mode of attacking an indictment for failure to state an offense by objecting to introduction of evidence does not prevail in federal courts.

2. CONSPIRACY ⊜―43(1)—INDICTMENT—COMPLETED OFFENSE.
    An indictment merely charging a conspiracy to do a thing, but not alleging the thing was done, does not show the completed offense within

⊜―For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

principle that indictment for conspiracy does not lie when it makes that showing.

In Error to the District Court of the United States, for the Western District of Oklahoma.

W. B. Grant was convicted under Penal Code, § 37, of conspiracy to commit the offense denounced by section 238, and brings error. Affirmed.

Joe M. Adams and W. L. Chapman, both of Shawnee, Okl., for plaintiff in error.

John A. Fain, U. S. Atty., of Lawton, Okl.

Before SANBORN and CARLAND, Circuit Judges, and BOOTH, District Judge.

CARLAND, Circuit Judge. Grant was convicted of having entered into a conspiracy with certain agents and employés of an express company to deliver and cause to be delivered to persons under fictitious names intoxicating liquors. Section 238, Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1136 [Comp. St. 1916, § 10408]). It is claimed that the trial court erred in overruling the objection of the defendant to the introduction of any evidence on the part of the prosecution, for the reason that the indictment did not state facts sufficient to constitute an offense against the laws of the United States.

[1] We have recently said in the case of McKnight v. United States, 252 Fed. 687, —— C. C. A. ——, that this mode of attacking an indictment does not prevail in the courts of the United States. United States v. Gooding, 12 Wheat. 461, 6 L. Ed. 693; Estes v. United States, 227 Fed. 818, 142 C. C. A. 342.

[2] The principle contended for, however, is this: When the object of an alleged conspiracy is an offense, an essential element of which is participation by at least two persons and concert of action by them, an indictment charging a conspiracy to commit such offense will not lie, if it shows the completed offense. The indictment in this case was for a conspiracy under section 37 of the Penal Code (section 10201) to commit the offense denounced by section 238 of the same Code. The trouble with the contention of counsel is that an examination of the indictment shows that it does not charge a completed offense. It is nowhere alleged in the indictment that intoxicating liquors were in fact delivered and shipped to any of the conspirators in the names of fictitious persons. It is charged that Grant and his co-conspirators conspired together to have P. V. Kelly and Jess Lake, as agents and employés of an express company, deliver intoxicating liquors in the names of fictitious persons to Frank Cole and Clarence Squires. But it is nowhere alleged that such deliveries were in fact made. It thus appears that the indictment does not present the question sought to be raised.

The judgment of the court below is therefore affirmed.