## ANDERSON v. UNITED STATES. *

(Circuit Court of Appeals, Eighth Circuit. March 9, 1920.)

No. 5336.

1. **Army and navy ⬅40—Persons subject to call constitute part of "military forces" within Espionage Act.**

Espionage Act June 15, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c), prohibiting attempts to cause disloyalty, insubordination, mutiny, and refusal of duty in the military forces of the United States, includes in the term "military forces" persons subject to be called into active service under Selective Service Act May 18, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 2044a–2044k), and hence an indictment charging that statements were made to a person subject to the Selective Service Law was sufficient.

[Ed. Note.—For other definitions, see Words and Phrases, Military Forces.]

2. **Criminal law ⬅371(1)—Evidence of similar acts and statements admissible to show intent.**

In a prosecution for attempting to cause disloyalty, etc., in the military forces, statements, and acts similar to and made and done by defendant about the same time as those charged in the indictment, are admissible on the question of his intent in making and doing those charged.

3. **Army and navy ⬅40—Platform of defendant's party admissible in prosecution under Espionage Act.**

Where defendant, charged with a violation of the Espionage Act, testified that he was a Socialist and subscribed to the platform adopted by the Socialist party in April or May, 1917, and to its general outline in September, 1918, though he later changed his mind regarding its attitude towards the war, such platform was admissible in evidence.

4. **Criminal law ⬅1036(8), 1044—Sufficiency of evidence not reviewable, when not challenged at trial.**

The sufficiency of the evidence to sustain the verdict is not reviewable, when not challenged at the trial by a request for a directed verdict or in any other way presenting that question for decision.

5. **Criminal law ⬅1134(4)—Order denying new trial not reviewable.**

An order denying a motion for a new trial is not reviewable in a federal appellate court.

6. **Army and navy ⬅40—Evidence sufficient to support conviction under Espionage Act.**

Evidence *held* sufficient to support a verdict finding defendant guilty of attempting to cause disloyalty, etc., in the military forces in violation of Espionage Act, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c).

7. **Criminal law ⬅1159(5)—Making of statements and intent questions for jury and not reviewable.**

Whether defendant, charged with a violation of Espionage Act, § 3, made the statements attributed to him by witnesses, and whether he made them with intent to cause disloyalty, etc., in the military forces, were questions for the jury, and not reviewable by a federal appellate court, where there was great conflict in the testimony concerning them.

8. **Army and navy ⬅40—Intent in making disloyal statements a question for the jury.**

Statements publicly and repeatedly made by defendant, in the hearing of persons subject to the Selective Service Act, that the President violated the Constitution by drafting people into the armies and sending them to Europe, that he was not only murdering Germans, but the American people as well, that the draft law was unconstitutional, and that the President and Senators who voted for it violated their oaths, were so far

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 252 U. S. ——, 40 Sup. Ct. 587, 64 L. Ed. ——.

calculated to cause insubordination, disloyalty, etc., in the military forces, as to make his intent a question for the jury.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Orville Anderson was convicted of an offense, and he brings error. Affirmed.

W. G. Rice, of Deadwood, S. D., and Byron S. Payne, of Pierre, S. D. (John Sutherland, of Pierre, S. D., on the brief), for plaintiff in error.

E. W. Fiske, U. S. Atty., of Sioux Falls, S. D. (Robert P. Stewart, U. S. Atty., of Deadwood, S. D., and George Philip, Asst. U. S. Atty., of Rapid City, S. D., on the brief), for the United States.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

SANBORN, Circuit Judge. Mr. Orville Anderson, the defendant below and so styled hereafter, was indicted, tried, and convicted of willfully attempting to cause disloyalty, insubordination, and refusal of duty in the military forces of the United States, to the injury of the United States, in violation of section 3 of the Espionage Act of June 15, 1917 (40 Stat. c. 30, p. 219, Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c), and was sentenced to imprisonment for the term of four years, and to pay a fine of $1,000. He seeks a reversal of this judgment on three general grounds: (1) That the court erred in overruling the demurrer to the indictment; (2) that it erred in its admission in evidence to prove the intent of the defendant in making the statement charged in the indictment, of evidence of other statements similar thereto which witnesses testified he made at about the same time; and (3) that the evidence was insufficient to sustain the verdict.

[1] The first count of the indictment on which alone the verdict and judgment rest charges that at a place specified in South Dakota, on or about the 1st day of August, 1917, the defendant willfully caused and attempted to cause disloyalty, insubordination, mutiny, and refusal of duty in the military forces of the United States to the injury of the United States in that he publicly stated to George Rundal, a person subject to the provisions of the Selective Service Law of the United States, and to John C. O'Riley, and to other persons, in words and substance, that is to say:

"President Wilson is a murderer in the first degree. He is murdering, not only the Germans, but his own people, the American people, as well, and he is violating the Constitution of the United States by drafting men and sending them to fight in Europe."

The objections to the indictment are that it contains no allegation or showing that the public statement which the defendant was alleged to have made "was uttered in the presence of any one who was a member of the military forces of the United States," or "at such a time and place, or under such circumstances, so that it would be calculated to reach any one in the military or naval forces of the United States." These objections rest on the contention of defendant's counsel that

the term "military forces" in the Espionage Act of June 15, 1917, includes only those persons subject to superior authority in an organized force, and excludes those not in such an organized force although they had been designated by the act of May 18, 1917, the Selective Act (Comp. St. 1918, Comp. St. Supp. 1919, § 2044b), and were subject to be called into the active service. But since counsel for the defendant prepared their brief the Supreme Court has decided that this view is incorrect and that the term "military forces" in that act includes all persons designated by the act of May 18, 1917 (Comp. St. 1918, Comp. St. Supp. 1919, §§ 2044a–2044k), and subject to be called into active service under it. Debs v. United States, 249 U. S. 211, 216, 217, 39 Sup. Ct. 252, 63 L. Ed. 566. As the indictment expressly charged that the defendant publicly made the statement it sets forth to George Rundal, a person subject to the provisions of the Selective Service Law of the United States, the demurrer to the indictment was rightly overruled. Seebach v. United States, 262 Fed. 885, ―― C. C. A. ―― (8th Circuit, filed November 15, 1919).

[2] There is no longer any doubt that where, as in this case, the intent of the defendant in making the statements or doing the acts charged is material, statements and acts similar to and made and done by him about the same time as those charged in the indictment are admissible in evidence to illustrate and prove his intent in making and doing the latter. The evidence of the defendant's statements and acts introduced to show his intent, and the objections of the defendant thereto, have been read and thoughtfully considered, but no error has been found in the admission of any of this evidence.

[3] It is contended that there was error in the admission in evidence of the platform and program adopted by the Socialist party at St. Louis in April or May, 1917. But the defendant testified that he was a Socialist, that he subscribed to the planks of that platform when it was adopted, and to the general outline of it in September, 1918, though later he changed his mind regarding the attitude of the platform towards the war. In view of this testimony, there was no error in the ruling of the court below admitting the Socialist platform in evidence. It was the same platform whose admission in evidence was sustained by the Supreme Court in Debs v. United States, 249 U. S. 211, 215, 216, 39 Sup. Ct. 252, 63 L. Ed. 566.

[4, 5] The sufficiency of the evidence to sustain the verdict was not challenged at the trial by a request or motion to direct a verdict for the defendant, or in any other way which presents that question for decision in a national appellate court, by proper request, motion, and exception, but counsel argue it on the exception to an order denying a motion for a new trial. Such an order, however, is not reviewable in a federal appellate court.

[6-8] Nevertheless, that no injustice may be done the defendant, the evidence in the record of the trial in this case has been thoroughly examined and considered. It contains the testimony of George Rundal that on or about the 1st day of August, 1917, at a dance at Fairchild's place, in Haakon county, S. D., the defendant was talking, and the

witness heard him say in substance that President Wilson violated the Constitution of the United States by drafting people into the armies and sending them to Europe, and that by doing that he was not only murdering the Germans, but murdering the American people as well. Rundal also testified that at that time he was 27 years of age, that he was registered under the draft law, and that he had since gone to Camp Funston. The record of the trial contains the testimony of John C. O'Riley to the same effect. He also testified that the defendant was talking in a middling loud voice, not addressing any one in particular, but that what was said was in the presence of the crowd which was there. Several other witnesses testified that at other times and places in the summer of 1917 the defendant frequently repeated statements of this nature. Lee Brooks, a witness for the government, testified that about the 1st of October the defendant said to him that the draft law was unconstitutional and that the President and Senators who voted for it violated their oaths, and that in response to a question by the witness as to what he would think if a young fellow who was going to volunteer his services to the government and heard him make this talk should conclude that he knew what he was talking about and that talk should keep him from enlisting, and the defendant answered, "I would think, then, that my side of the argument had won, and I had accomplished what I started out to do." On the other hand, the defendant testified that he never made the statements charged in the indictment, that he never made any such statements as that the President was a murderer, that he never had any intent to cause disloyalty, insubordination, or other lawless acts in the military forces of the United States, and he denied other testimony against him or explained the sayings he admitted so as to render them harmless, except that he admitted that he had thought and argued that the drafting of citizens to send them to Europe to fight was unconstitutional and that he had subscribed to the Socialist platform.

The questions whether or not he made the statements attributed to him by the witnesses, and whether or not he made them with the intent charged are not, in view of the conflict in the testimony, for this court. They were for the jury, and the jury has decided them against the defendant, and they would not be in any event reviewable by this or any federal appellate court in view of the great conflict in the testimony concerning them. The only question this court could or can decide here is: Was there any substantial evidence in support of the finding of the jury? And the review of the testimony in this case has demonstrated the fact that that question must have been answered in the affirmative in any event. There was substantial evidence that the defendant made the statements charged in the indictment, not only in private casual conversations, but openly, publicly, and repeatedly, that he made them to and in the hearing of members of the military forces of the United States, that he publicly and repeatedly advocated the views he expressed, and there can be no doubt that, if he did make the statements to which the witnesses testified, they were so far calculated to cause insubordination, disloyalty, etc., in the military forces

of the United States that his intent in making them was a question not for the court but for the jury.

The judgment below must therefore be affirmed; and it is so ordered.