## WILD v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 9, 1923.)

No. 5926.

1. **Indictment and information ⚍133(1)—Sufficiency cannot be tested by objecting to evidence.**

Sufficiency of indictment cannot be tested by objection to introduction of testimony.

2. **Receiving stolen goods ⚍7(5)—Indictment for receiving, selling, and retaining stolen property should allege that property was stolen from the United States.**

An indictment for receiving and concealing and having and retaining property belonging to the United States with intent to convert it should have alleged that the property was stolen from the United States.

3. **Indictment and information ⚍202(5)—Failure to charge directly that property received and retained had been stolen held merely a defect of form.**

Indictment for receiving and concealing and having and retaining property belonging to the United States with intent to convert it, which recites that when defendant received the property he knew that it had been stolen from the United States by another, necessarily implied that it had been stolen, and failure to so allege was mere defect of form, not rendering the indictment insufficient after verdict, under Rev. St. § 1025 (Comp. St. § 1691).

4. **Indictment and information ⚍180—No variance because name by which person referred to in indictment was not true name.**

Where man from whom it was alleged defendant received property stolen from the United States was called and known by name stated in the indictment, there was no variance, though that was not his true name.

5. **Receiving stolen goods ⚍7(6)—No variance because all property described in indictment had not been stolen.**

Under indictment for receiving, concealing, and retaining property stolen from the United States, there was no variance or failure of proof because evidence failed to show that all the property alleged was stolen; it being sufficient if any part of it was stolen.

6. **Criminal law ⚍1036(8)—Insufficiency of evidence may be reviewed, though not questioned at trial.**

To correct obvious errors and prevent manifest injustice, an appellate court may review the evidence for purpose of determining its sufficiency to sustain indictment, though sufficiency was not questioned at the trial.

7. **Criminal law ⚍1036(8)—Discretion to review evidence, though not questioned at the trial, not exercised, when defendant guilty of same offense.**

Where it was not seriously disputed that, if defendant was not guilty of receiving, concealing, and retaining stolen property, he was guilty of stealing the property, the court will not exercise its discretion to review sufficiency of evidence, when not questioned at the trial.

8. **Criminal law ⚍1036(2), 1186(4)—New trial not granted for improper cross-examination, when not objected to, and no request to disregard made, and influence on jury being doubtful.**

New trial *held* not to be granted on appeal because of improper cross-examination of defendant, where no objection was made, and no instruction to disregard the matters brought out was requested, especially where it was not clear that jury were influenced thereby, in view of Judicial Code, § 269, as amended by Act February 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

Kenyon, Circuit Judge, dissenting.

⚍For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Western District of Oklahoma.

H. B. Wild was convicted of certain offenses, and he brings error. Affirmed.

Seymour Stedman, of Chicago, Ill. (Charles H. Soelke and Swan M. Johnson, both of Chicago, Ill., on the brief), for plaintiff in error.

John W. Scothorn, Asst. U. S. Atty., of Oklahoma City, Okl. (W. A. Maurer, U. S. Atty., of El Reno, Okl., and Roy St. Lewis, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before LEWIS and KENYON, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge. Plaintiff in error was convicted upon four counts of an indictment charging violations of section 48 of the Penal Code (Comp. St. § 10215). It is alleged in the first count of the indictment that the defendant, on or about the 12th day of April, 1920, received and concealed with intent to convert to his own use certain described property belonging to the United States. In the second count it is alleged that the defendant, on or about the 15th day of April, 1920, received and concealed certain other property, describing it, belonging to the United States, with intent to convert the same to his own use. The third count charged the defendant with having and retaining in his possession, with intent to convert to his own use, the property described in the first count. The fourth count charged the defendant with having and retaining in his possession, with intent to convert to his own use, the property described in the second count.

[1] It is alleged in each count of the indictment that the defendant received the property from one Novak, knowing that all of it had theretofore been stolen from the United States by the said Novak. It is not directly alleged in any of the counts of the indictment that the property had theretofore been stolen from the United States by Novak. Because of this defect the defendant at the beginning of the trial objected to the introduction of any evidence by the government. The objection was overruled, and exception taken. The ruling has been assigned as error. The sufficiency of an indictment cannot be tested by objection to the introduction of testimony. McSpadden v. United States, 224 Fed. 935, 140 C. C. A. 413; Grant v. United States, 252 Fed. 692, 164 C. C. A. 532.

[2, 3] Later the defendant moved on the same ground to arrest the judgment. The ruling of the court denying the motion has been assigned as error. Unquestionably it should have been alleged in the indictment that the property had theretofore been stolen from the United States by Novak, and it is not improper in this connection to remark that such omissions as this could easily be avoided, if government counsel would take the precaution to have the statute before them when drawing indictments.

The indictment recites that the property belonged to the United States when the defendant received it, and that he knew it had theretofore been stolen from the United States by Novak. This language

necessarily implies that the property had theretofore been stolen from the United States. This defect in the indictment must be regarded, after verdict, as one of form, under section 1025 of the Revised Statutes, which provides that no indictment shall be deemed insufficient "by reason of any defect or imperfection of form only, which shall not tend to the prejudice of the defendant." Dunbar v. United States, 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390; Rosen v. United States, 161 U. S. 29, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Price v. United States, 165 U. S. 311, 17 Sup. Ct. 366, 41 L. Ed. 727; Morris v. United States, 229 Fed. 516, 143 C. C. A. 584; State v. Martin, 94 Wash. 313, 162 Pac. 356.

[4] The man from whom it is alleged in the indictment the defendant received the stolen property was called and known by the name stated in the indictment. The contention that there was a variance, because this was not his true name, is untenable. If the name by which a person is usually called and known is stated in the indictment, it is sufficient. Commonwealth v. Desmarteau, 82 Mass. (16 Gray) 1; Bishop's New Criminal Procedure, § 686.

[5] And the contention that there was a variance or failure of proof, because, as is claimed, the evidence failed to show that all of the property alleged in the several counts of the indictment was stolen, is equally without merit. It is sufficient if any part of it was stolen. People v. Fitzpatrick, 80 Cal. 538, 22 Pac. 215.

[6] Plaintiff in error at the conclusion of the trial did not ask for a directed verdict, or in any manner raise the question of the sufficiency of the evidence to sustain the charges contained in the indictment. We are asked, nevertheless, to review the evidence appearing in the record for the purpose of determining this question. It is well settled that an appellate court may do this to correct obvious errors and to prevent manifest injustice. Doe v. United States, 253 Fed. 903, 166 C. C. A. 3; Anderson v. United States (C. C. A.) 264 Fed. 75; McNutt v. United States (C. C. A.) 267 Fed. 670; Holland v. United States (C. C. A.) 268 Fed. 244.

[7] It is not claimed there is not evidence tending to show that the defendant was guilty of serious wrongdoing in respect of much of the property described in the indictment; it is only contended that the evidence was insufficient to show that he was guilty of the offenses charged in the indictment; in other words, it is claimed that the evidence failed to show that the defendant was guilty of receiving, etc., property of the United States, knowing that it had theretofore been stolen while it is not seriously disputed that the evidence was sufficient to convict the defendant of larceny, if he had been charged, under section 332 of the Penal Code (Comp. St. § 10506), with counseling Novak to steal the property. Counsel in their brief frankly say:

"In conclusion we shall call the court's attention to the fact that one who counsels, aids, and advises, or counsels, is an accessory. Section 332, Penal Code. The accessory by federal law is made a principal, and is punishable as a principal. If Wild was guilty on the testimony of Novak, of aiding, assisting, counseling, and advising, he might be punished as a principal for robbery or larceny. * * * This was not the charge made against him in the indictment. We call the court's attention to this, for the purpose of

urging the distinction between robbery, larceny, and receiving stolen property in considering the evidence 'in this case." °

The contention of counsel would demand careful consideration if based upon rulings of the trial court duly excepted to. But that is not the case. The appeal is that the appellate court shall of its own motion go into the record for the purpose of determining whether the thief has not been improperly charged and convicted as a receiver or concealer of the stolen property. It is not suggested that the judgment in this case would not be a bar to a prosecution of the defendant for the larceny; but, even if possible, such a prosecution is too improbable to be seriously considered. In our opinion the situation does not justify the exercise of the judicial discretion of the court. Robins v. United States (C. C. A.) 262 Fed. 126; Sturtz v. United States (C. C. A.) 268 Fed. 350.

[8] Complaint is made in respect of the cross-examination of the defendant, who testified as a witness in his own behalf. It is true that he was cross-examined about matters wholly outside of the issues. Much of the cross-examination, not only did not tend to prove any of the charges contained in the indictment, but was not even competent for the purpose of affecting his credibility as a witness. No objection was made at the time, nor was the trial court ever asked to instruct the jury to disregard the matters brought out by the improper cross-examination. Evidently the impropriety of the cross-examination was an afterthought.

Aside from the state of the record, there is a good and sufficient reason why a new trial should not be granted. We are by no means convinced that the jury was influenced to return the verdict they did by reason of the improper cross-examination of the defendant. See section 269 of the Judicial Code, as amended by the Act of February 26, 1919 (40 Stat. 1181 [Comp. St. Ann. Supp. 1919, § 1246]). Under the evidence and the instructions of the court, the jury was fully justified in finding the defendant guilty.

The other matters argued, which are not reviewable on account of the state of the record, require no special notice.

The judgment should be, and accordingly is, affirmed.

KENYON, Circuit Judge (dissenting). This case should be reversed because of the improper cross-examination of defendant. Defendant on the witness stand was asked about being arrested in Chicago for having something to do with putting up a banner on a fire escape having upon it:

"There are 100,000 marchers in this land. There are 200,000 organized miners and workingmen who are against what we are working for."

This it seems was to embarass a parade favorable to war. The purpose of the questioning was to make it appear that defendant was hostile to the war. It was apparently without any basis for support as far as the record shows, and it was especially prejudicial because the defendant, at the time of the trial or prior thereto, had been connected in some capacity with the work of the United States army,

and had been an officer in the Canadian army. It is not clear just what the connection was. He was also asked whether he had a common-law wife, and concerning a letter addressed, "My dear Wifey," when he had no wife. He was further asked whether he was not living with a person to whom he addressed a letter, "Hellow Sweetie," as his wife. Further, he was asked as to whether he had not introduced a woman as his wife who was not in fact such.

These things had nothing whatever to do with the issue and were highly prejudicial. A person, even if guilty, has the constitutional right to a fair trial. It is just as much the duty of the government's attorney as the defendant's attorney to see that he receives it, and when the attorney for the government pursues such unfair tactics as were employed in the cross-examination of defendant here, it is sufficient to require a reversal of the case. It is more important that every defendant have a fair trial in the courts than that any particular defendant be convicted. Courts in recent years have not hesitated to reverse cases for the misconduct of the representatives of the state or federal government, for a sovereignty cannot afford to use its great power and prestige to convict men in an unfair manner.

In State v. Burris, 194 Iowa, 628, 190 N. W. 38, the prosecuting attorney asked the defendant, who was a colored man, upon cross-examination, if during the time he worked for certain parties he did not take some white girls out joy-riding in a car. Further, he was asked if he did not, "in company with another fellow," take two white girls to a certain schoolhouse. This was a murder case, and the defendant had been convicted in the trial court; but the Supreme Court of the state reversed the case, because of this line of cross-examination. The court said (194 Iowa, 636, 190 N. W. 41):

"We think it was an abuse of the discretion lodged in the trial court to permit this examination to have been conducted to the extent that it was, and that it was necessarily prejudicial to appellant. It was an attempt on the part of the state to drag into the case, by insinuation and suggestion, matters that were collateral and irrelevant, for the obvious purpose of prejudicing the appellant in the eyes of the jury. Such methods to secure the conviction of one charged with crime do not comport with the spirit of fairness which has always been one of the most cherished tenets of our administration of criminal law."

In State v. Scott (Supreme Court of Iowa) 194 Iowa, 777, 190 N. W. 370, defendant was convicted of manslaughter. Complaint was made of the cross-examination. Defendant was asked whether he had Indian blood in his veins, whether he was named after the Confederate General Robert Lee, whether he had told about killing a man in Arkansas, whether he had laid in wait under some evergreens for the purpose of killing a man, whether he had pointed his revolver at other persons in his store, and whether he had cursed a certain woman. The court said that no other inference was permissible than that this questioning was for the purpose of creating in the minds of the jury the impression that the facts inquired about existed. Further the court said:

"Sinister references, either by cross-examination or by argument to a supposed event in a remote time and place, leave the defendant quite defenseless, even if evidence were readily available in addition to his own to

disprove them. The court, in the interest of orderly trial, could not and should not permit such a chase to be taken up. The matters which we have above quoted were all calculated to inflame passion and prejudice against the defendant, quite independently of the proven facts of the case. There could have been no other motive for resort to them."

This court, in August v. United States, 257 Fed. 388, 168 C. C. A. 428, reversed a conviction on the improper argument of counsel, which the court said inflamed the passions of the jurors and destroyed a calm consideration of the rights of the defendant, and further said:

"The United States cannot afford to convict her citizens in this manner."

Exceptions were not preserved to the remarks of counsel, but the court nevertheless reversed the case, on the authority of the amendment to section 269, Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1163, as amended by Act Feb. 26, 1919, c. 48), reading as follows:

"On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects or exceptions which do not affect the substantial rights of the parties." Public—No. 281—65th Congress.

Exceptions to errors in the case at bar were not preserved, but the case comes under the foregoing section. What could be more prejudicial in the trial of a man accused of stealing certain property of the government, and who had been connected in some capacity with the United States army, and had had the rank of captain in the Canadian army, than to create in the minds of the jury an impression that he had been opposed to the war, and that he had part in putting up banners hostile to the purposes of the war. The questions relative to his living with another woman must have given to the jury the impression that he was a generally disreputable character, and these things tended to take the minds of the jurors from the real issue and prevent a calm consideration thereof. The defendant in this case did not have a fair trial. There was an abuse of judicial discretion in permitting the cross-examination to proceed to the extent that it did, and, regardless of the fact that no exceptions were preserved to the errors, the case should be reversed.

I respectfully dissent from the decision of the majority.