## CASE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 1, 1925. Rehearing Denied August 29, 1925.)

No. 4516.

1. **Indictment and information ⊚⟳71—Should clearly inform defendant what he has to meet.**

Indictment should be sufficiently specific to clearly inform defendant of what he has to meet.

2. **Indictment and information ⊚⟳196(5)—Bill of particulars to be demanded, if not sufficiently advised of nature of charged fraudulent means.**

Defendant, if not sufficiently advised of the nature of the fraud and deceit by which he was charged to have obtained interstate freight, should have moved for a bill of particulars.

3. **Indictment and information ⊚⟳114—Subject-matter of former conviction may be shown by parol.**

Parol evidence is always admissible to show the subject-matter of a former conviction or acquittal, thus rendering certain any uncertainty in the indictment in that respect.

4. **Indictment and information ⊚⟳110(3)—Ordinarily sufficient to follow language of statute.**

It is ordinarily sufficient for an indictment to follow the language of the statute, especially where defendant goes to trial without objecting by demurrer or motion to its form, and without demanding bill of particulars.

5. **Indictment and information ⊚⟳133(1)—Sufficiency not to be tested by objection to reception of any testimony.**

In federal courts, objection to sufficiency of indictment may not be taken by objection to reception of any testimony.

6. **Indictment and information ⊚⟳196(5)—Failure to set forth facts constituting fraudulent means waived.**

Objection that indictment for obtaining interstate freight by fraud and deception, following the statute and omitting no substantial element of the charge, did not set forth the facts constituting the fraud and deception, is waived by not being made in some permissible way before the trial.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Leona Case was convicted of obtaining interstate freight by fraud, and brings error. Affirmed.

The indictment upon which the plaintiff in error was convicted charged that she and one Henry H. George, at a time and place named, did unlawfully, knowingly, willfully, and feloniously obtain, by fraud and deception, from the depot of an interstate common car-

rier of freight, to wit, from the freight depot of the Spokane, Portland & Seattle Railway, at Portland, in the state and district of Oregon, * * * a certain shipment of household goods and personal effects, then and there in the custody and under the control of said Spokane, Portland & Seattle Railway, and which said household goods and personal effects then and there constituted an interstate shipment of freight, to wit, a shipment of freight from the City Transfer Company, Spokane, Wash., to H. H. George, Portland, Or., with the intent then and there to convert to the use of them, the said defendants, Henry H. George and Leona Case, the aforesaid household goods and personal effects.

Dan E. Powers and Frank E. Swope, both of Portland, Or., for plaintiff in error.

George Neuner, U. S. Atty., and J. O. Stearns, Jr., Asst. U. S. Atty., both of Portland, Or.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1-3] The single question presented on the writ of error is whether the indictment is so fatally defective that the court below erred in denying the motion in arrest of judgment and in entering judgment upon the verdict of the jury. It is contended that the indictment is defective for its failure to set forth the facts constituting the fraud and deception alleged to have been practiced by the defendant, and reliance is placed upon the rule of pleading which requires that an indictment shall not only be sufficient to inform the accused that he is charged with a criminal offense, but sufficiently specific to clearly inform him of what he has to meet, and thus to afford him a fair and reasonable opportunity to prepare his defense. The rule so invoked is well established. It is based upon two grounds: First, that the accused shall know distinctly the nature and elements of the accusation; and, second, that the offense must be so described as to make the judgment a complete defense to a second prosecution for the same offense. In the present case the first ground of the rule is met by the right to demand a bill of particulars. If the plaintiff in error was not sufficiently advised of the nature of the fraud and deceit which she was accused of having exercised, she should have demanded that the particulars be set forth. Durland v. United States, 161 U. S. 306, 316, 16 S. Ct. 508, 40 L. Ed. 709. As to the possible peril

of a subsequent indictment for the same offense, it is sufficient to say that parol evidence to show the subject-matter of a former conviction or acquittal is always admissible, and that thus any uncertainty in an indictment may be rendered certain. Dunbar v. United States, 156 U. S. 185, 191, 15 S. Ct. 325, 39 L. Ed. 390; Bartell v. United States, 227 U. S. 427, 33 S. Ct. 383, 57 L. Ed. 583.

[4-6] The indictment here follows the language of the statute, and that ordinarily is sufficient. Hall v. United States (C. C. A.) 277 F. 19; Ledbetter v. United States, 170 U. S. 606, 612, 18 S. Ct. 774, 42 L. Ed. 1162. Especially is this so in a case where the accused has gone to trial without objecting by demurrer or motion to the form of the indictment, and without demanding a bill of particulars. The plaintiff in error adverts to the fact that at the beginning of the trial her counsel objected to the reception of any testimony against her on the ground that the indictment did not state facts sufficient to constitute a crime. But in the federal courts objection to an indictment cannot be taken in that way. Stubbs v. United States (C. C. A.) 1 F.(2d) 837; Wild v. United States (C. C. A.) 291 F. 334; Grant v. United States, 252 F. 692, 164 C. C. A. 532; United States v. Gooding, 12 Wheat. 461, 6 L. Ed. 693.

The plaintiff in error cites United States v. Hopkins (D. C.) 290 F. 619, a case in which an indictment under the statute involved in this case was held defective for its failure to show by what means the fraud and deception was practiced. But the important distinction between that case and this is that there the objection to the indictment was presented by demurrer before trial. In the present case the plaintiff in error elected not to avail herself of her right to a bill of particulars, doubtless for the reason that she already possessed the knowledge and information which would thereby have been obtained. In a case where a similar situation was presented, Dunbar v. United States, 156 U. S. 185, 191, 15 S. Ct. 325, 328 (39 L. Ed. 390), Mr. Justice Brewer said: "Further, no objection was made to the sufficiency of the indictments by demurrer, motion to quash, or in any other manner until after the verdict. While it may be true that a defendant, by waiting until that time, does not waive the objection that some substantial element of the crime is omitted, yet he does waive all objections which run to the mere form in which the various elements of the crime are stated, or to the fact that the indictment is inartificially drawn." The indictment in the present case omitted no substantial element of the charge. The elements were all set forth in the statute, and the indictment follows the statute.

The judgment is affirmed.